UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARIN BRUNNER, | CASE NO. C11-2118-RSM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| HOLLAND AMERICA LINE, INC., et al., | |
| Defendants. | |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's Fed. R. Civ. P. 37(a) motion to compel Request for Production No. 8.  Dkt. # 12.  Defendants in turn seek a Fed. R. Civ. P. 26(c) protective order, which stipulates Defendants have fully complied with discovery requests.  Dkt. # 14.  For the reasons set forth below, Plaintiff's motion to compel is GRANTED and Defendants' motion for protective order is DENIED.

## II.  BACKGROUND

On March 6, 2011, Karin Brunner ("Plaintiff"), a 66 year old woman, slipped and fell on the pool deck of a Holland America Line ("HAL") cruise ship.  After the fall, passengers and crew went to her aid, including an eye-witness couple believed to be from Houston, Texas.

1  Plaintiff submitted her discovery requests for passenger information, in which HAL made timely

2  objections.  She then focused her inquiry on Texas passengers, and HAL eventually produced the

3  telephone numbers and email addresses of all Texas passengers on board.  Plaintiff was

4  unsuccessful in locating the alleged couple from Houston, and requested a complete manifest of

5  the nearly 1,900 passengers who were on board.  On November 19, 2012, the parties met and

6  conferred about the request and HAL refused to produce the information.

7      Plaintiff moves to compel production request No. 8, in which HAL is to "produce a hard

8  copy and/or printout of a passenger list and/or manifest identifying the names, addresses, and

9  telephone numbers of all passengers on board. . .at the time of Plaintiff's accident."  Dkt. # 12,

10  pp. 3-4.  HAL opposes the motion, arguing that the request is overbroad and unduly burdensome,

11  an invasion of passengers' privacy rights, and that disclosure will result in a loss of goodwill and

12  future business.  Dkt. # 14.  Plaintiff maintains that the request is relevant, that privacy rights are

13  not implicated, and denial of the information would be prejudicial.  Dkt. # 12.

14                  **III.  DISCUSSION**

15      "The Federal Rules of Civil Procedure allow for broad discovery in civil actions."

16  *Wilkerson v. Vollans Auto., Inc.*, No. 08-1501, 2009 WL 1373678, at *1 (W.D. Wash. May 15,

17  2009).  "Parties may obtain discovery regarding any non-privileged matter that is relevant to any

18  party's claim or defense. . ."  Fed. R. Civ. P. 26(b)(1).  Relevant information for purposes of

19  discovery is information "reasonably calculated to lead to the discovery of admissible evidence."

20  *Surfvivor Media Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).  District courts have

21  broad discretion in determining relevancy for discovery purposes.  *Id.* (citing *Hallett v. Morgan*,

22  296 F.3d 732, 751 (9th Cir. 2002); *see U.S. Fidelity and Guar. Co. v. Lee Investments L.L.C.*,

23  641 F.3d 1126, 1136 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery,

24

1   and [their] rulings will not be overturned in the absence of a clear abuse of discretion." (internal

2   quotation and citations omitted)).

3          If a requested discovery disclosure is not made, the requesting party may move for an

4   order compelling such disclosure, and the motion must include a certification that the movant has

5   made good faith efforts to obtain the requested discovery without court action.  Fed. R. Civ. P.

6   37(a)(1).  The party who resists discovery has the burden to show that discovery should not be

7   allowed, and has the burden of clarifying, explaining, and supporting objections.  *See Gerawan*

8   *Farming, Inc. v. Prima Bella Produce, Inc.*, No. 10-0148, 2011 WL 2518948, at *2 (E.D. Cal.

9   June 23, 2011).  The court should temper any order requiring production of documents "to

10  protect a party or person from annoyance, embarrassment, oppression, or undue burden or

11  expense. . . ."  *Nw. Home Designing, Inc. v. Golden Key Const., Inc.*, No. 11-5289, 2012 WL

12  470260, at *2 (W.D. Wash. Feb. 10, 2012) (citing Fed. R. Civ. P. 26(c)(1)).

13  **A.  Passenger List**

14         As part of the initial disclosure in every civil case, parties are required to provide

15  opposing parties the "the name, and if known, the address and telephone number of each

16  individual likely to have discoverable information…"  Fed. R. Civ. P. 26(a)(1)(A).  Resolution of

17  a privacy objection requires a balancing of the need for the particular information against the

18  privacy right asserted.  *Fryer v. Brown*, No. 04-5481, 2005 WL 1677940, at *6 (W.D. Wash.

19  July 15, 2005) (citing *Perry v. State Farm Fire and Cas. Co.*, 734 F.2d 1141, 1147 (11th Cir.

20  1984).  In certain contexts, there is adequate justification for producing passenger lists.  *See*

21  *Wallman v. Tower Air, Inc.*, 189 F.R.D. 566, 568-69 (N.D. Cal. 1999) (holding that there is

22  adequate justification to produce an airline's passenger list despite a confidentiality provision in

23

24

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL - 3

1  the aviation statute, so that the plaintiff may contact the individuals as potential witnesses or

2  plaintiffs, enhancing the odds of class certification).

3       HAL makes four arguments:  (1) disclosure of guests' contact information violates

4  HAL's privacy policy, (2) unlike *Wallman*, there is no justification for releasing the passenger

5  list because there are no guaranteed witnesses, (3) disclosure would result in loss of goodwill and

6  future business if guests are embroiled in others' lawsuits, and (4) contacting the passengers for

7  permission poses a significant hardship that is unduly burdensome.  Dkt. # 14, pp. 9-11.

8       First, the Court is not convinced that disclosure would violate HAL's privacy policy.  The

9  policy specifically provides that HAL may release contact information to third parties in order to

10 comply with legal obligations upon authorization by the guest.  Dkt. # 16-6, p. 3.  All guests are

11 on notice of that policy when they register with HAL.  Further, HAL registrants are already

12 subject to outreach via HAL's promotional and marketing materials.  Similar to how one may opt

13 out of receiving such information, he or she may opt out of involvement with this litigation.

14      Second, the Court disagrees that disclosure of a passenger list is only warranted under the

15 specific circumstances of the *Wallman* case.  Unlike HAL's contention, the *Wallman* Court's

16 decision was not premised on the fact that production "guaranteed" witnesses and potential

17 plaintiffs.   In fact, the *Wallman* plaintiff was seeking to identify "potential" witnesses or

18 plaintiffs for the "possibility" of certifying a class.  *Wallman*, 189 F.R.D. at 568.  The *Wallman*

19 Court found that plaintiff's request to seek witnesses who could corroborate the flight experience

20 was relevant to the claim.  Similarly here, Plaintiff is seeking to locate the eye-witnesses who

21 could corroborate the details of her fall.  Whether the passengers in this case ultimately step

22 forward and materialize as witnesses is a separate issue and not determinative to the inquiry at

23 hand.  Further, Plaintiff has no other means of obtaining the passenger information.  *See*

24

1  *Nathaniel v. American Airlines*, Civil No. 2007/0033, 2008 WL 5046848, at *5-6 (D.V.I. Nov.

2  20, 2008) (finding that disclosure of a flight's passenger manifest was adequately justified in an

3  emotional distress claim, where the plaintiff was seeking to locate alleged eye-witnesses to the

4  incident in question and had no other means to obtain the information).

5      Third, the Court is not convinced that HAL will suffer any loss of goodwill or future

6  business as a result of disclosure.  In arguing its position, HAL relies largely on *Reming v.*

7  *Holland America Line Inc.*, where this Court issued a protective order preventing disclosure of

8  the names and contact information of nearly 2,800 passengers who visited the plaintiff's accident

9  site a year prior to the accident.  No. 11-1609, 2012 WL 3704937 (W.D. Wash. Aug. 27, 2012).[1]

10  The Court reasoned that what other passengers knew was only important to the extent it bares on

11  the question of what the defendants knew; an inquiry that is more effectively achieved by

12  questioning HAL and the tour group operator directly.  *Id.*  Further, the Court agreed that HAL's

13  business would suffer the loss of goodwill and future business given the unlikely benefit of

14  discovery.  *Id.* at *2.  The facts in *Reming* can be distinguished from the instant case, because the

15  likely benefit of contacting the passengers was far more detached.  The requested passengers had

16  no connection to the accident itself, and any observations about the landmark would have had a

17  tenuous effect on the plaintiff's overall claim.  Here, Plaintiff is seeking to find direct eye-

18  witnesses to her accident on the deck, an area that HAL maintained, and one that would tend to

19  show whether HAL had actual or constructive notice on any dangerous condition.

20      Finally, the Court is not convinced that HAL would sustain a significant burden in

21  producing the complete manifest. HAL argues that to comply with the request, it must contact

22  _____

23      [1] The plaintiff was part of a tour group in Mexico when the ground collapsed beneath
him.  He argued that the defendants owed a "duty of reasonable inspection" and therefore liable
24  for the defective condition they could have discovered.

nearly 1,900 guests to first obtain permission, including those who live overseas.  Dkt. # 14, p. 10.  These records are collected in an electronic database, in which HAL may contact registrants based on the preferred method he or she has indicated in the account.  Dkt. # 16-6.  This suggests that methods for contact are already implemented in the system.  Contacting nearly 1,900 guests is not a simple task, but it is not one that poses an unreasonable hardship given the advancement of technology.

On balance of all the considerations, the Court finds that Plaintiff's request for the complete passenger manifest is reasonable and outweighs any alleged burdens that HAL would face in producing the records.  As such, Plaintiff's motion to compel is GRANTED, and accordingly HAL's motion for protective order is DENIED.  HAL is to produce all remaining, responsive, non-privileged materials pertaining to Plaintiff's Request for Production No. 8 within twenty one (21) days of the date of this Order.

**B.  Costs and Fees**

When the court grants a motion to compel, or the requested discovery is produced only after the motion has been filed, the responding party must pay the movant's reasonable expenses unless (i) the movant failed to meet and confer, (ii) the responding party's nondisclosure was substantially justified, or (iii) other circumstances make an award unjust.  Fed. R. Civ. P. 37(a)(5)(A).  The presumption in favor of such awards serves a "deterrent function by discouraging unnecessary involvement by the court in discovery."  *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).

Since the Court grants Plaintiff's motion to compel, the award of expenses is likely appropriate.  The Court hereby ORDERS that Plaintiff submit evidence of the reasonable expenses including attorney fees that it incurred in making the motion.  Plaintiff is to submit

1  evidence of such costs and fees via a signed and sworn declaration no later than <u>March 1, 2013</u>.

2  HAL shall submit a response not exceeding ten (10) pages no later than <u>March 15, 2013</u>.

3  ## IV.  CONCLUSION

4       Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

5  and the remainder of the record, the Court hereby finds and ORDERS:

6       (1)  Plaintiff's Fed. R. Civ. P. 37(a) motion to compel production of documents is

7          GRANTED.  Accordingly, Defendants' Fed. R. Civ. P. 26(c) motion for protective

8          order is DENIED.  HAL shall produce all remaining, responsive, non-privileged

9          materials pursuant to Plaintiff's Request for Production No. 8 within twenty one

10         (21) days of the date of this Order.

11      (2)  Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiff shall submit a sworn declaration

12         evidencing the reasonable expenses including attorney fees that it incurred in

13         bringing this motion no later than March 1, 2013.  HAL shall submit a response no

14         later than March 15, 2013.

15      The Clerk is directed to forward a copy of this Order to plaintiffs and to all counsel of

16 record.

17

18      Dated this 15th day of February 2013.

19

20

21                         RICARDO S. MARTINEZ
                        UNITED STATES DISTRICT JUDGE

22

23

24